# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| LASHAWN MAXWELL, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :   CIVIL ACTION NO. |
| | :   1:08-CV-2925-RWS |
| INNER HARBOUR, LTD., | : |
| | : |
| Defendant. | : |

## **ORDER**

This case is before the Court for consideration of Defendant's Motion to Dismiss Plaintiff's Retaliation Claim [3]. After reviewing the record, the Court enters the following Order.

On September 18, 2008, Plaintiff filed her Complaint alleging: (1) discrimination in violation of the Americans With Disabilities Act (the "ADA") and (2) retaliation in violation of the ADA. In the present Motion, Defendant seeks to dismiss Plaintiff's retaliation claim for failure to exhaust administrative remedies.

Plaintiff filed a charge of discrimination on September 13, 2007. In Plaintiff's charge, she checked the box marked "disability" and described her alleged discrimination as follows:

> I became employed with the above named employer in August 2004 as a Therapist. On or about April 27, 2007, I went on a medical leave of absence due to my disability. I returned to work on July 16, 2007. I was discharged on August 24, 2007, at which time I learned that my time at work, since the date of my return from leave, had been deemed probationary. Program Manager/Clinical Coordinator Dave Levin alleged that my discharge was due to my failure to satisfactorily perform duties and to complete my probationary period.
>
> I believe that I have been discriminated against because of my disability, in violation of Title I of the Americans with Disabilities Act of 1990, as amended.

Plaintiff did not allege that she was retaliated against for any alleged protected activity.

When considering a FED. R. CIV. P. 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273, n.1 (11th Cir. 1999); see also Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (internal citations omitted). The United States Supreme Court has recently dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to

2

relief." Twombly, 127 S. Ct. At 1968 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." Id. at 1965. The plausibility standard does not, however, impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

A plaintiff must meet certain administrative prerequisites before filing an ADA claim.

> Filing an administrative charge of discrimination with the EEOC is a prerequisite to a private civil action brought pursuant to the provisions of Title VII and the ADA. Under Title VII, an employee is required to file a charge of discrimination with the EEOC within 180 days of the alleged act of discrimination. The ADA has incorporated Title VII's administrative filing requirements. Thus, the administrative filing requirements are the same for claims brought under Title VII and the ADA.
>
> If an employee fails to file an EEOC charge before the 180-day limitations period elapses, his or her subsequent lawsuit is procedurally barred and must be dismissed for failure to exhaust his or her administrative remedies.

Brewer v. Ala., 111 F. Supp.2d 1197, 1204 (M.D. Ala. 2000)(citations omitted).

Because Plaintiff failed to include her retaliation claim in her EEOC

3

charge, the Court finds that Plaintiff failed to exhaust her administrative remedies. Therefore, her retaliation claim is due to be dismissed.

Based on the foregoing, Defendant's Motion to Dismiss Plaintiff's Retaliation Claim [3] is hereby **GRANTED**.

**SO ORDERED**, this  20th  day of April, 2009.

*[signature]*

**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)