**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| LASHAWN MAXWELL, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. |
| | : 1:08-CV-2925-RWS |
| INNER HARBOUR, LTD., | : |
| | : |
| Defendant. | : |

## **ORDER**

This case comes before the Court on Plaintiff's Motion to Amend Complaint [23], Motion for Extension of Time to Complete Discovery [24], Defendant's Motion for Summary Judgment [28], Motion to Deem Defendant's Material Facts Admitted, or in the alternative, Motion to Strike Plaintiff's Responses [39], and Motion to Strike Declaration of Lashawn Maxwell [40]. After a review of the record, the Court enters the following Order.

**I.   Background**

Plaintiff Lashawn Maxwell was diagnosed with Crohn's disease in 1987. (Dkt. No. [28-2] at 2.) Plaintiff asserts that her condition was in remission

when she began her employment with Defendant Inner Harbour in 2004. (Id. at 3.) In April, 2007, Plaintiff was hospitalized and underwent surgery due to a flare up of her Crohn's disease. (Dkt. No. [34-1] at 6-8.) As a result, she took an approximate three month medical leave of absence. (Id.) Plaintiff returned to work in July 2007. (Dkt. No. [28-2] at 3.)

Upon her return, Plaintiff was transferred to a therapist position in the Fulton County CORE services program. (Id.) This position required Plaintiff to "provid[e] therapy to children on an outpatient basis at their homes and at school, rather than to children at Inner Harbour's residential facility." (Id.) Plaintiff was also placed on probation; however, she alleges that this was done without her knowledge. (Dkt. No. [34-1] at 22.) After visiting the locations where she would be providing therapy, she informed her supervisor of various accommodations she would need to perform her job. (Dkt. No. [28-2] at 4.) She informed her supervisor that she would: 1) not be able to sit on the floor; 2) be required to take medication four times a day; 3) have to keep a specific schedule; and 4) need access to the bathroom for flare ups. (Id. at 4-5.) Plaintiff alleges that her supervisor did not offer any alternatives to accommodate her requests. (Dkt. No. [34-1] at 26.) Defendant alleges that it

never interfered with Plaintiff's requests. (Dkt. No. [28-2] at 4-5.) Plaintiff admits that 1) Defendant did not interfere, nor try to stop her, from taking her medicine at work; 2) Plaintiff's schedule at work never prevented her from taking her medicine in a timely manner; and 3) no supervisor ever prevented Plaintiff from using the restroom whenever needed. (Dkt. No. [34-1] at 36-37.) Plaintiff was later terminated for allegedly failing to satisfactorily perform her duties and failing to complete probation. (Dkt. No. [28-2] at 1.)

## II.    Summary Judgment Standard

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004)

(quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (internal quotations omitted)).  Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

The applicable substantive law identifies which facts are material.  Id. at 248.  A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law.  Id.  An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Id. at 249-50.

In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party.  Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002).  But, the court is bound only to draw those inferences which are reasonable.  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial."  Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting

AO 72A
(Rev.8/82)

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted); see also Matsushita, 475 U.S. at 586 (once the moving party has met its burden under Rule 56(c), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts").

### III.   Americans with Disabilities Act[1]

"In order to establish a prima facie case of discrimination under the ADA, a plaintiff must demonstrate that [she] (1) is disabled, (2) is a qualified individual, and (3) was subjected to unlawful discrimination because of [her] disability." Greenberg v. BellSouth Telecomms., Inc., 498 F.3d 1258, 1263 (11th Cir. 2007)(quoting Cash v. Smith, 231 F.3d 1301, 1305 (11th Cir. 2000)). The ADA defines disability as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual; a

---

[1]The ADA was amended on January 1, 2009. The alleged discrimination took place before the ADA was amended; therefore, this Court will cite to the pre-2009 version of the statute, unless otherwise noted, since this Court finds the amendments are not retroactive. See infra.

record of such an impairment; or being regarded as having such an impairment." 42 U.S.C. § 12102(2). "Major life activities" is defined as "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working." 29 C.F.R. § 1630.2(i).

"Substantially limits" is defined as

(i) [u]nable to perform a major life activity that the average person in the general population can perform; or (ii) [s]ignificantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.

Id. at 1630.2(j)(1). In determining whether an individual is substantially limited in a major life activity, the Court should consider (i) [t]he nature and severity of the impairment; (ii) [t]he duration or expected duration of the impairment; and (iii) [t]he permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment. Id. at 1630.2(j)(2).

With these principles as a foundation, the Court turns now to address the merits of the Defendant's Motion for Summary Judgment.

**IV.     Defendant's Motion for Summary Judgment**

The issue before the court is whether Chron's disease is a "disability" as

6

defined by the ADA. Plaintiff's legal arguments are heavily reliant on the 2008 Amendments of the ADA. The 2008 Amendments took effect on January 1, 2009, and the alleged discrimination took place in 2007. Courts in this Circuit have held that the 2008 Amendments of the ADA are not retroactive. See Fikes v. Wal-Mart, Inc., 322 F. Appx 882, 883 n.1 (11th Cir. 2009); Lawson v. Plantation General Hosp., L.P., No. 08-61826-CIV, 2010 WL 1258058 at *12 (S.D. Fla. Mar. 30, 2010); Souers v. Geren, No. CV 108-157, 2010 WL 1169730 at *10 (S.D. Ga. Mar. 23, 2010). Therefore, Plaintiff's arguments are without merit, and this Court will look at the pre-2009 version of the ADA in its analysis.

It is Plaintiff's burden to show that her Chron's disease substantially limits one or more of her major life activities, such as: caring for herself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working. Plaintiff makes no argument that she was substantially limited in performing manual tasks, walking, seeing, hearing, speaking, breathing or learning. (See Dkt. No. [34].) Rather, she argues that the definition of "major life activities" includes "major bodily functions such as functions of the immune system, normal cell growth, digestive, and bowel

7

functions." (Id. at 9)(citing 42 U.S.C.A. § 12102(2)(B)). While the 2008 Amendments modified the definition of "major life activities", the pre-2009 version does not include "major bodily functions" in its definition of major life activities." See 29 C.F.R. § 1630.2(i).

Even if this Court were to construe Plaintiff's arguments as that she was substantially limited in the major life activity of working, her case is still futile. The Plaintiff must also show that she was significantly restricted in the ability to perform either a class of jobs or a broad range of jobs. Id. at 1630.2(j)(3)(i). The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working. Id. Plaintiff makes no attempt to make this argument. Rather, she briefly asserts that "Defendant is relying on the limited old definition," and does not attempt to show that she was unable to perform a broad class of jobs. (Dkt. No. [34] at 9.)

Since the Plaintiff has failed to show that she had a "disability" as defined by the pre-2009 version of the ADA, she has failed to set forth a *prima facie* case of discrimination. Accordingly, Defendant's Motion for Summary Judgement is **GRANTED.**

8

## V. Motion to Amend Complaint

Plaintiff moves to amend her Complaint to add Youth Villages Inc. as a co-defendant and to add a claim of Violation of the Family Medical Leave Act ("FMLA").[2]  Plaintiff is not in a position to amend her Complaint as a matter of course.  See Fed. R. Civ. P. 15(a)(1).  Therefore, she may amend her pleading pleading only with the opposing party's written consent or the Court's leave.  The Court should freely give leave when justice so requires.  Fed. R. Civ. P. 15(a)(2).

Defendant does not consent to Plaintiff's request to amend.  (See Dkt. No. [27].)  Defendant argues that this Motion should be denied because 1) it is untimely; 2) the proposed amendment would be futile; and 3) the proposed amendment would be prejudicial to Defendant.  (Id. at 1-2.)  Plaintiff filed her original Complaint on September 18, 2008.  (See Dkt. No. [1].)  This Court set a deadline of April 6, 2009 to amend pleadings, and September 8, 2009 to complete discovery.  (See Dkt. Nos. [7], [9], [17].)  Plaintiff moved to amend

---

[2]In Plaintiff's proposed amended Complaint, Count II is a retaliation claim under the ADA.  This Court dismissed this claim from her original Complaint on April 20, 2009.  (See Dkt. No. [12].)

9

her Complaint on September 5, 2009, approximately five months after the deadline to amend.  (See Dkt. No. [23].)

When a motion to amend is filed after a scheduling order deadline, Fed. R. Civ. P. 16 is the proper guide for determining whether a party's delay may be excused.  S. Grouts & Mortars, Inc. v. 3M Co., 575 F.3d 1235, 1241 (11th Cir. 2009) (citing Sosa v. Airprint Sys., 133 F.3d 1417, 1418 n.2 (11th Cir. 1998)).  A scheduling order may be modified only for good cause and with the Court's consent.  Fed. R. Civ. P. 16(b)(4).  As previously mentioned, Plaintiff did not file this Motion until approximately five months after the Scheduling Order's deadline had passed.  Further, it was filed only three days before the end of discovery.

Defendant argues, and the Court agrees, that Plaintiff's Motion is "devoid of facts showing good cause why the Scheduling Order should be amended." (Dkt. No. [27] at 5.)  Plaintiff argues that the "recent merger of Inner Harbour, Ltd. Into Youth Villages, Inc.," coupled with the "recent deposition" of Defendant's Human Resources Vice President should be sufficient for the Court to grant leave.  (Dkt. No. [23] at 2.)  Defendant alleges that Plaintiff inaccurately summarized the deposition.  (Dkt. No. [27] at 5.)  Plaintiff provides

no citations to the record and fails to provide any dates of the "recent" activity to show good cause why the Order should be amended. Further, Plaintiff does not even address the Scheduling Order's deadline and fails to provide any legal argument or authority as to why this Motion should be granted.[3] Accordingly, Plaintiff's Motion to Amend Complaint is **DENIED.**

## VI.   Remaining Motions

In accord with the Court's ruling, Plaintiff's Motion for Extension of Time to Complete Discovery [24] is **DENIED as moot**. Defendant's Motion to Deem Defendant's Material Facts Admitted, or in the alternative, Motion to Strike Plaintiff's Responses [39] is **DENIED as moot**. Defendant's Motion to Strike Declaration of Lashawn Maxwell [40] is **DENIED as moot.**

## CONCLUSION

Based on the foregoing reasons, Defendant's Motion for Summary Judgment [28] is hereby **GRANTED**. Plaintiff's Motion to Amend Complaint [23] is **DENIED**. Plaintiff's Motion for Extension of Time to Complete

---

[3] Plaintiff's only argument in her Motion is: "Leave to amend should be freely given when justice so requires. Leave to amend is sought before any trial date has been entered by the Court and will cause no delay or waste of Court's resources." (Dkt. No. [23] at 3.)(citations omitted).

11

Discovery [24] is **DENIED as moot**. Defendant's Motion to Deem Defendant's Material Facts Admitted, or in the alternative, Motion to Strike Plaintiff's Responses [39] is **DENIED as moot**. Defendant's Motion to Strike Declaration of Lashawn Maxwell [40] is **DENIED as moot.**

    **SO ORDERED** this  30th  day of July, 2010.


                                              **RICHARD W. STORY**
                                              United States District Judge

AO 72A
(Rev.8/82)